IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITRICC SAINE
#176000                                                          PLAINTIFF

v.                              No. 4:25-cv-942-DPM-JJV

JAMESHA MADDEN, Major, Pine Bluff
Unit;  STEPHEN WATSON, Lieutenant,
Pine Bluff Unit;  DAMIKA FULLER;
Sergeant, Pine Bluff Unit;  and HENRY
BARRON, Sergeant, Pine Bluff Unit          DEFENDANTS

ORDER

On *de novo* review, the Court adopts the recommendation, *Doc. 30*, and overrules Saine's objections, *Doc. 35*.  Fed. R. Civ. P. 72(b)(3). The Court has also considered his second response and statement of facts, *Doc. 31 & 32*.  It notes the response to Saine's objections, *Doc. 38*, too. All material things considered, the defendants' motion for partial summary judgment, *Doc. 25*, is granted.

In his grievance form, Saine named Sergeant Barron as one of the "officers involved."  *Doc. 27-2 at 9*.  But—unlike with Major Madden, Lieutenant Watson, and Sergeant Fuller—Saine did not specify what Sergeant Barron supposedly did to him or did not do in the incident. In particular, Saine did not say that Sergeant Barron used excessive force in any way or the failed to protect Saine from the other officers.

Saine didn't grieve any failure to protect by any officer. Sergeant Barron is therefore dismissed, without prejudice, as a defendant. And Saine's failure to protect claims are also dismissed without prejudice. An *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_19 March 2026_